```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ALEXA GABRIELLA DEMARIANO,

       Plaintiff,

v.                                    Case No:  2:24-cv-526-JES-NPM

MELANIE SANDERS, Deputy State Attorney, TYLER LOVEJOY, State Attorney, MARK ELSAID, Deputy Sheriff, AMIRA FOX, State Attorney, and YANNI COLON,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Alexa Gabriella DeMariano's (Plaintiff or DeMariano) Emergency Petition for Injunctive Relief (Doc. #2) and affidavit (Doc. #3), both filed on June 5, 2024.  Plaintiff, *pro se*, "respectfully requests that this Court issue an emergency order halting the proceedings in the case of State of Florida v; [sic] Alexa Gabriella DeMariano, case number 22-CF-016213, pending before the Lee Circuit Court, and grant such other and further relief as this Court deems just and proper." (Doc. #2, p. 3.) Because the Younger abstention doctrine precludes this Court from interfering with ongoing state criminal proceedings, the motion is denied.

"In Younger[v. Harris*],* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 [(1971)], the Supreme Court established that 'absent

extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.'" Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262-63 (11th Cir. 2004)(quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989)). "Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." Johnson v. Fla., 32 F.4th 1092, 1099 (11th Cir. 2022)(citing Younger, 401 U.S. at 43-45). Three "narrow exceptions to the abstention doctrine" exist: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. Id. It is the petitioner's burden to "satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes, 377 F.3d at 1262 (quoting Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir.1977)).

  Plaintiff fails to do so. The motion and affidavit assert that Plaintiff was found in possession of marijuana after a police officer pulled her vehicle over for alleged traffic violations. (See Docs. ##2-3.) By her own admission, Plaintiff's state criminal trial "beg[a]n at 8:30 am on 06/05/2024," (Doc. #2, p. 3), so judicial state proceedings are pending and the first prong is

satisfied. As to the second prong, "the State has a strong sovereign interest in ensuring public safety and criminal justice within its territory," as well as "a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." Oklahoma v. Castro-Huerta, 597 U.S. 629, 651 (2022). The second prong is thus satisfied because Florida possesses an important state interest in prosecuting alleged criminal offenses. See Younger, 401 U.S. at 43; Johnson, 32 F.4th at 1099; Boyd v. Georgia, 512 F. App'x 915, 918 (11th Cir. 2013).[1]

For the third and final prong, Plaintiff fails to establish that the state proceeding does not afford her an adequate opportunity to raise the constitutional issues she alleges. See Johnson, 32 F.4th at 1101 (explaining that "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts," not "whether a claim would likely be successful on the merits . . . ." (quoting Pompey v. Broward Cty., 95 F.3d 1543, 1551 (11th Cir. 1996))). Plaintiff's motion asserts that because the police officer has fabricated facts, the prosecution has failed to produce exculpatory evidence, her counsel has failed to subpoena exculpatory evidence, and the state trial court judge has issued erroneous orders, Plaintiff's

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

right to due process and a fair trial are being infringed. (Doc. #2, p. 2.) But merits aside, "state courts are fully competent to decide federal constitutional issues" and the state "may retain undisturbed jurisdiction despite possibly erroneous trial court disposition of constitutional issues." Johnson, 32 F.4th at 1101 (citations omitted). All three prongs requiring Younger abstention are present.

    The Younger abstention doctrine attaches, but Plaintiff has not shown any of its narrow exceptions do. There is no evidence that the state proceedings are motivated by bad faith nor does Plaintiff even explicitly allege it. Plaintiff does assert she would suffer irreparable harm if her state trial continues, on the basis that she risks not receiving a fair trial and losing her mother's house, which she used as collateral for bail. (Doc. #2, p. 3.) But these are not "exceptional circumstances creating a threat of irreparable injury 'both great and immediate'" so as to require federal interference with state criminal proceedings. Kugler v. Helfant, 421 U.S. 117, 123 (1975)(explaining that "'irreparable injury' in the 'special legal sense of that term'" exists "where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is 'flagrantly and patently violative of express constitutional prohibitions,' or where there exist other 'extraordinary circumstances in which the

necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.'")(quoting Younger, 401 U.S. at 53-54.) The possible cost and anxiety of having "to defend against a single criminal prosecution [cannot] be considered 'irreparable'" nor the mere allegation that a prosecution is unlawful. Younger, 401 U.S. at 46-47. Finally, nothing suggests there is no adequate alternative state forum where the constitutional issues can be raised, and Plaintiff does not argue otherwise.

In short, Plaintiff seeks for this Court to halt her state criminal prosecution. But this Circuit has long recognized "that 'an attempt to dismiss an indictment or otherwise prevent a prosecution' -- just like [Plaintiff] makes in this case -- is not a sufficient ground to enjoin the state proceeding." Johnson, 32 F.4th at 1099. "[I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger, 401 U.S. at 45. No reason to thwart that precedent exists here.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Emergency Petition for Injunctive Relief (Doc. #2) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of June 2024.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record